IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-96-KS

| | | |
|---|---|---|
| MICHAEL DEAN HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Michael Dean Hughes filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for disability insurance benefits. The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. On February 19, 2015, the court held oral argument in this matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and has considered the arguments of counsel. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion for Judgment on the Pleadings is granted.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for disability insurance benefits on November 24, 2010, alleging disability beginning January 15, 2008. (Tr. 17.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (*Id.*) On December 12,

2012, a hearing was held before Administrative Law Judge Richard L. Vogel ("ALJ"), who issued an unfavorable ruling on February 14, 2013. (Tr. 14.) Plaintiff's request for review by the Appeals Council was denied March 6, 2014, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in

2

substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

Plaintiff contends that the ALJ failed to consider retrospective evidence presented in determining whether Plaintiff became disabled prior to the date last insured and in assessing Plaintiff's credibility. At issue in this case is a period of disability from January 15, 2008, through June 30, 2009. In support of his disability claim, Plaintiff presented a medical opinion from Dr. George Huffmon, a neurosurgeon who examined Plaintiff in late 2012 and early 2013. Dr. Huffmon opined that Plaintiff "fully meets the criteria" for disability and stated, "I'm not sure how in the world he can work the way he is." (Tr. 423.) Plaintiff asserts that Dr. Huffmon's opinion is supported by objective medical findings and that the ALJ committed reversible error in disregarding this opinion. Plaintiff also assigns as error the ALJ's evaluation of a November 2012 medical opinion provided by Plaintiff's treating orthopaedist, Dr. Richard Leighton, in which Dr. Leighton opined that he "still think[s] [Plaintiff] has fairly significant stenosis at multiple levels from his prior surgery as well as above and below which is more central stenosis." (Tr. 412.)

Having carefully reviewed the evidence presented, the court finds that the ALJ applied the correct legal standards and his factual findings are supported by substantial evidence. Assuming

that the opinions of Dr. Huffmon and Dr. Leighton are "medical opinions" and do not concern issues reserved to the Commissioner, *see* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."), they are not entitled to retrospective treatment. "Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI [date last insured]." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). However, not all post-DLI evidence is relevant. Rather, post-DLI medical evidence is relevant, and therefore entitled to retrospective consideration, only where "that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Bird*, 699 F.3d at 341.

The medical statements of Plaintiff's treating physicians do not permit such an inference. The opinions of these physicians may tend to establish that Plaintiff is currently disabled, but neither Dr. Huffmon nor Dr. Leighton have provided any information concerning the nature and severity of any impairments during the relevant time period – January 15, 2008, through June 30, 2009. Although Plaintiff has a history of severe degenerative disc disease dating back to 1986, he underwent a cervical fusion in 2000 which so improved his condition that Plaintiff returned to work. Plaintiff maintains that he stopped working in 2007 due to intolerable pain caused by his spinal disorder, but the medical evidence indicates that Plaintiff's symptoms improved with chiropractic treatment. When Plaintiff was seen by Dr. Leighton on November 5, 2012, he reported "pain in his neck going down into his left arm . . . for many years." (Tr. 413.) He told Dr. Leighton that he had done well following the cervical fusion but had continued to experience "some numbness and tingling down his arm," which had gotten "much worse" over the couple of weeks preceding his November 2012 visit. (Tr. 413.) In December 2012, Plaintiff told Dr.

4

Case 7:14-cv-00096-KS   Document 42   Filed 05/28/15   Page 4 of 7

Huffmon that he continued to have "burning down his left side and weakness in his left leg" after the cervical fusion, but the weakness in the left arm had increased "[o]ver the last year." (Tr. 419.) He also described "numbness and tingling down through his fingers and numbness and tingling in the right fingers and not in the right arm," as well as "intermittent neck pain." (Tr. 419.) These treatment notes do not provide any indication of Plaintiff's condition prior to the date last insured. Accordingly, the ALJ did not err in failing to give retrospective consideration to the opinions of Drs. Huffmon and Leighton.

The court further rejects Plaintiff's contention that the ALJ failed to properly consider Plaintiff's subjective complaints of pain. The ALJ followed the two-step process for assessing a claimant's credibility, determining that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms through the date last insured, are not entirely credible." (Tr. 22.) The ALJ gave specific reasons for his credibility determination, explaining:

> While the undersigned finds the claimant's testimony is credible relevant to his medical conditions subsequent to his date last insured, and he is likely disabled at present, his date last insured is almost four years ago. The medical evidence, during the period at issue from January 15, 2008, the alleged onset date, through June 30, 2009, the date last insured, does not substantiate the claimant's allegations as to the severity of his impairments and the functional limitations imposed therefrom. While the claimant had documented weight of 284 pounds in May 2009, he did not testify as to any problems relative to his obesity. He also has a history of degenerative disc disease requiring cervical and lumbar surgeries in 1975; however, there is no indication that the claimant required emergency treatment or inpatient hospitalization for this, or any other medical condition, at any time during the relevant period. The claimant complained of neck, back, and extremity pain and weakness; however, his only treatment, during the period at issue was conservative osteopathic manipulative therapy. The claimant did not take narcotic pain-relieving medications and did not seek additional treatment including physical therapy, biofeedback, surgery, or treatment from a pain clinic. Moreover, when seen by his family doctor in April 2008 and May 2009, the claimant either did not complain of such significant restrictions and/or /pain [sic],

5

or failed to mention them altogether. The medical evidence of record fails to reveal that the claimant was in any apparent distress and examinations were essentially benign. Moreover, treatment notes fail to reveal any signs of muscular atrophy, strength deficits, circulatory compromise, neurological deficits, muscle spasms, or change in weight, which may be reliable indicators of long-standing, severe or intense pain, and/or physical inactivity.

As mentioned earlier, the claimant's work activity following his alleged onset date of disability was a work attempt but not substantial gainful activity. Although that work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have, at least at times, been somewhat greater than the claimant has generally reported.

(Tr. 22-23 (footnote omitted).) The ALJ's decision reflects a well-reasoned assessment of Plaintiff's credibility made in accordance with the regulatory framework and based upon the ALJ's consideration of the entire record, including the objective medical evidence, Plaintiff's own statements about his symptoms, information provided by medical sources and others about Plaintiff's symptoms, as well as Plaintiff's work history. *See* SSR 96-7p, 1996 WL 374186 (July 2, 1996) (requiring credibility assessments be based upon the entire record and contain specific reasons for the ALJ's credibility findings).

The ALJ's determination that Plaintiff did not meet his burden of demonstrating he was under a disability during the relevant time period is supported by substantial evidence and based upon a correct application of the law. This is not a case where the services of a medical advisor are needed to render an informed judgment, and the ALJ did not err in failing to consult such an advisor.

## **CONCLUSION**

The court finds that the Commissioner's decision in this case is supported by substantial evidence in the record and was reached upon application of the correct legal standard. The court, therefore, DENIES Plaintiff's Motion for Judgment on the Pleadings [DE #22], GRANTS

Defendant's Motion for Judgment on the Pleadings [DE #29] and AFFIRMS the Commissioner's decision.

This 28th day of May 2015.

                                    KIMBERLY A. SWANK
                                    United States Magistrate Judge